UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVELYN CENNI** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 11-1780 |
| | * | |
| **HOME DEPOT U.S.A., INC.** | * | SECTION "L"(2) |

## ORDER & REASONS

Before the Court is plaintiffs Evelyn and Pier Bartolomeo Cenni's ("Plaintiffs") Motion to Remand (R. Doc. 6). For the following reasons, IT IS ORDERED that this Motion is DENIED.

**I.     BACKGROUND**

This case arises from a trip-and-fall in a store. On or about February 11, 2011, plaintiff Evelyn Cenni was shopping at the Home Depot store located on Old Gentilly Road in New Orleans, Louisiana. While walking in the electrical/lighting department and looking at lighting hung from the ceiling and located on shelving, Plaintiffs allege that Mrs. Cenni turned the corner, encountering a wooden pallet/raised wooden platform about four inches off the concrete surface, over which she tripped and fell. Plaintiffs claim this obstruction was similar in color to the flooring surface, was not being used as a display or for storage, and contained no warning. Further they claim Mrs. Cenni's attention was drawn away from the floor surface by the lighting for sale, displayed at her shoulder level. According to Plaintiffs, as a result of this trip-and-fall, Mrs. Cenni suffered severe and permanent injuries to her left shoulder, including multiple fractures to the left humeris and an injury to her back.

On May 23, 2011, Plaintiffs filed suit against defendant Home Depot U.S.A., Inc.

1

("Home Depot") in the Civil District Court for the Parish of Orleans, State of Louisiana. *See* (R. Doc. 1-1). Therein, Plaintiffs allege claims of premises liability against Home Depot and seek damages for past, present, and future mental anguish, pain and suffering, limitation of use, disability, loss of enjoyment of life, change of appearance to Mrs. Cenni's shoulder, medical expenses, loss of income, loss of earning potential, and loss of consortium.

On July 22, 2011, Home Depot filed a Notice of Removal in this Court, alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Thereafter, on August 15, 2011, it filed an Answer denying liability for Plaintiffs' alleged damages. (R. Doc. 4).

## II.   PRESENT MOTION

### A.   Plaintiffs' Motion

Plaintiffs filed the present Motion alleging Home Depot's Notice of Removal is procedurally defective because it was untimely, requiring remand of the case to state court. (R. Doc. 6). According to Plaintiffs, Home Depot was provided a courtesy copy of the Petition on May 19, 2011, the same date it was mailed with filing fees to the state court clerk's office, and thus by filing its Notice of Removal on July 25, 2011, Home Depot's removal was well beyond the 30-day time period for timely removal. Plaintiffs rely upon *City of New Orleans v. Illinois Central Railroad Co.*, 804 F.Supp. 873 (E.D. La. 1992), for the holding that receipt of a courtesy copy of an original petition is sufficient to commence the time period for removal. They also note that Home Depot has the burden to demonstrate removal is proper and all ambiguities are to be construed against removal. Finally, Plaintiffs seek to recover all expenses and costs incurred in bringing the present Motion.

### B.   Home Depot's Response

Home Depot filed a Response in opposition to the Plaintiffs' Motion Remand. (R. Doc. 7). According to Home Depot, its Notice of Removal was timely because it was filed less than 30-days after it received service of process of the Plaintiffs' Petition on its registered agent on June 28, 2011. It challenges Plaintiffs' claim that receipt of a courtesy copy of a petition is sufficient to commence the time for removal, citing in support *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), and claiming the jurisprudence relied upon by Plaintiffs is no longer good law.

C.     **Plaintiffs' Reply**

Plaintiffs filed a Reply in further support of their Motion. (R. Doc. 11). Plaintiffs argue that the plain language of the removal statute, 28 U.S.C. § 1446(b), which states the time period for removal commences upon "receipt by the defendant, through service or otherwise," is controlling, and thus receipt of the courtesy copy was sufficient to commence the time for removal here. Plaintiffs ask the Court to rely upon Justice Rehnquist's dissent in *Murphy Brothers* which supports their argument.

III.    **LAW & ANALYSIS**

A.     **Standard of Review**

28 U.S.C. 1447(c) provides two grounds for remand, (1) a defect in removal procedure, and (2) lack of subject matter jurisdiction. In the present matter, only the former is at issue. When considering a motion to remand, the removing party bears the burden of showing that removal was proper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), *appeal after remand*, 915 F.2d 965 (5th Cir. 1990), *aff'd*, 503 U.S. 131 (1992). This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the

procedural requirements of the removal statute.  *See Brigham v. Pennywise RV Sales & Servs., Inc.*, 2005 WL 435260, at *2 (W.D. La. Feb. 16, 2005)(citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000); *see also Hobson v. Chase Home Fin., LLC*, 2009 WL 2849591, at *2 (S.D. Miss. Sept. 1, 2009)(quoting *Albonetti v. GAF Corp.-Chem. Group*, 520 F.Supp. 825, 827 (S.D. Tex. 1981). Because removal jurisdiction "raises significant federalism concerns," *Will*, 855 F.2d at 1164, courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court."  *Jefferson Parish Hosp. Dist. No. 2 v. Harvey*, 788 F.Supp. 282, 283-84 (E.D. La. 1992).  If there is any doubt that a right to removal exists, ambiguities are to be construed against removal.  *Transitional Hosps. Corp. of La., Inc. v. Am. Postal Workers Union Health Plan*, 2010 WL 187388, at *2 (E.D. La. Jan. 13, 2010)(citing *Acuna,* 200 F.3d at 335)); *Stuerhoff v. Cort Bus. Servs. Corp.*, 2009 WL 4906548, at *3 (M.D. La. Dec. 16, 2009).

**B.     Timely Notice of Removal**

To remove a case from state to federal court, a defendant must file a notice of removal within 30-days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b).  The United States Supreme Court in *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348 (1999), settling a split among the courts, interpreted the removal statute as requiring the 30-days to run from "formal process," rather than "mere receipt of the complaint."

Because this matter is before the Court based upon diversity jurisdiction, the Court must apply Louisiana law to determine the validity of service made in state court prior to removal.

*Hutchinson v. Dollar Gen. Corp.*, 2008 WL 1803778, at *2 (M.D. La. Apr. 18, 2008). In states like Louisiana where formal process requires the summons and the citation to be served together, *see* La. Code Civ. Proc. art. 1202 (requiring the citation to be accompanied by a certified copy of the petition), the Supreme Court holds that the 30-day period for removal does not begin to run until the defendant has been properly served with both the summons and citation. *Murphy Bros., Inc.*, 526 U.S. at 354. Additionally, since Home Depot is a foreign corporation doing business in Louisiana, *see* (R. Doc. 4), service of process is effectuated by personal service on any one of its agents for service of process. *See* La. Code Civ. Proc. art. 1261; *Punctual Abstract Co. Inc. v. U.S. Land Title*, 09-91 (La. App. 5 Cir. 11/10/09); 28 So. 3d 459, 463.

It is undisputed that service of process of the citation and petition was made on Home Depot's agent for service of process on June 28, 2011. Home Depot then filed its Notice of Removal on July 22, 2011. *See* (R. Doc. 1). Thus, this Notice was timely under the removal statute, 28 U.S.C. § 1446(b). While the Court recognizes the plain language of the removal statute may indicate formal service of process is not required to start the clock for removal, it is bound the Supreme Court's decision in *Murphy Brothers* and the Fifth Circuit's recognition of this decision in *Board of Regents of University of Texas System v. Nippon Telephone & Telegraph Corp.,* 478 F.3d 274, 278 (5th Cir. 2007); Plaintiffs even concede insomuch.

**IV.   CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand (R. Doc. 6) is DENIED, including their request for costs and fees associated with filing this Motion.

New Orleans, Louisiana this 14th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE